**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TONNIE BROWN, III
ADC #110945                                                                                              PLAINTIFF

V.                                         NO: 5:07CV00057 WRW/HDY

B. CERVIN *et al.*                                                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.
    2.    Why the evidence proffered at the hearing before the District
          Judge (if such a hearing is granted) was not offered at the
          hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the
          hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on March 15, 2007, alleging his constitutional rights were violated when he was placed on the alternative meal service in connection with disciplinary action he received for flooding his cell. Now pending is a motion for judgment on the pleadings filed by Defendants David White, R.D. Bailey, and B. Cervin (docket entry #37), along with a brief in support (docket entry #38). Plaintiff has filed a response and brief in support (docket entries #39 & #40).

### I. Standard of review

Motions for judgment on the pleadings are governed by the same standards that apply to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). In evaluating a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

## II.  Analysis

According to Plaintiff's complaint, he flooded his cell on September 21, 2006, at 12:28 a.m., by placing a Styrofoam cup in the toilet in his cell and "continually flushing."  This led to him being taken to a punitive isolation cell.  At that time, Plaintiff was also placed on the alternative meal service.  Plaintiff contends that White, Bailey, and Cervin, failed to follow ADC policy because they were each involved in some way with his being denied a cup of water with his alternative meal-- Cervin as food manager, Bailey as the unit "lock-down" manager, and White as the warden who responded to grievances.  In an attached affidavit, Plaintiff further alleges that he was provided with the vegetarian meal instead of the basic meatloaf.  According to grievance MX-06-1335, which Plaintiff attached as a exhibit to his complaint, Plaintiff was on the alternative meal service from lunch on September 21, 2006, to breakfast on September 28, 2006.  Plaintiff does not allege that he was denied access to water from his cell sink during the 6 1/2 days he was on the alternative meal service, and his appeal of White's denial of his grievance clearly demonstrates that his complaint was that he was not actually served a cup of water.[1]

Defendants argue that Plaintiff's complaints that Cervin and Bailey violated prison policy are not actionable, and that his claims against White are merely an attempt to hold him liable on a *respondeat superior* theory.  Defendants further contend that Plaintiff's allegations of pain and

---

[1] White's denial of the grievance and Plaintiff's appeal are also attached as exhibits to Plaintiff's complaint.

3

weight loss fail to rise to the level of a constitutional violation. Defendants also assert sovereign and qualified immunity, and argue that Plaintiff failed to exhaust his administrative remedies with respect to some of his claims.

Plaintiff's claim essentially boils down to his dissatisfaction with being served a vegetarian meal rather than the standard meatloaf, and not being given a cup to drink with, when he was on a punitive status for 6 1/2 days. Even if the meals he received, and the cup he did not receive, violated prison policy, such a claim is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Additionally, the undersigned concludes that the conditions Plaintiff has alleged, for the limited time involved, do not rise to the level of a constitutional violation. Plaintiff was not denied food, and his vague claims of pain and weight loss do not set forth facts demonstrating that he is entitled to relief. Plaintiff was not denied access to water from his sink, but was just not given a cup from which to drink. The Eighth Amendment proscribes the infliction of cruel and unusual punishment, and prohibits depriving inmates of the "minimal civilized measure of life's necessities." *Buckley v. Barlow*, 997 F.2d 494, 496 (8th Cir. 1993) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Discomfort does not amount to cruel and unusual punishment; the conduct must be so inhumane, base, or barbaric as to shock sensibilities. *Buckley v. Barlow*, 997 F.2d at 496 (citing *Porth v. Farrier*, 934 F.2d 154, 157 (8th Cir. 1991)). Given the limited time involved, the deprivation Plaintiff has described is simply not inhumane, base, or barbaric. Accordingly, Defendants' motion should be granted, and Plaintiff's complaint dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for judgment on the pleadings filed by Defendants Cervin, Bailey, and

4

White (docket entry #37) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

    2.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

    DATED this __5__ day of November, 2007.

*/s/ H. David Young*
_____
UNITED STATES MAGISTRATE JUDGE